We're going to move now to Appeal 24-1453, United States v. Herman, and Mr. Hillis, we'll begin with you. May it please the Court, Counsel, my name is Daniel Hillis, I'm with the Federal Public Defender's Office, I represent Mr. Herman on this appeal. This appeal involves an abuse of discretion, we don't typically have those on supervised release condition challenges, but we think we can establish it here because in the two ways of establishing an abuse of discretion, you have either the judge misapplying the law or the judge refusing to apply his discretion. Here the parties seem to be in different directions as to what the condition required. From the offset, the probation office was confused and thought that my client needed permission before he could speak to felons. They got to the hearing, they resolved that, they then moved to the financial aspect of the condition, and the prosecutor was of the view that my client could not under any circumstances handle money. But that's not what the condition says. It does say that the defendant, in the case of the person under supervision, will not be able to be involved in the handling of cash, credit, or any financial instruments without prior approval of the court. So starting with just the language of the condition, because the condition is effectively law. So if you're going to misapply the condition, you are misapplying the law in essence. And if the condition does not prevent my client from soliciting investment funds, it only prohibits him from handling cash, that means he can go to an investor, ask for the person to invest in this business, the person can say yes, my client can hand off money handling responsibilities to somebody else, never handle any money, no violation of the condition. How would your client, what's his value added? How would he have profited? Why is this a venture that he wants to engage in? Oh, the mini-bin business? The particulars weren't very well specified in the district court. So I never saw a business plan, I'm only handling the appeal. I can only speak to what the condition allows and what it prohibits. And so my client, with his extensive history, it's spelled out in the PSR, his success as a waste management professional, I mean, he definitely has experience that he could impart as part of the business plan, whatever it is. I have no idea about the particulars beyond that. My focus, as should have been the court's focus, the district court, what does the condition allow or prohibit? It just didn't prohibit him from soliciting investment funds. But the judge seemed to think that it did, the prosecutor surely said that it did. It didn't. We only need to look as far as record 96 page 4 to read the condition and see what it prohibits and what it doesn't. Yeah, it seems to me, Mr. Hillis, that what, and maybe this is by way of agreeing with what you're saying, the district court judge here said, without, perhaps without parsing the condition very closely, that it sounds to me like what you're asking for is permission to recommit the same conduct that's landed you where you're at. Yeah, I, Judge Scudder, I don't like that sort of negative approach by a court after a person's done his time and presumes to be- That's the way I think it was, that was the way it was heard, right? It was like, well, hold on, you stole from people before that invested in one of your companies and now you're asking the court for permission to do it again? That's the way it was kind of- Yeah. And as I say, I don't like the approach, once a thief, always a thief, but we have something here that the district court should have recognized explicitly allowed a check on any misbehavior by my client. And that is, the rest of the condition says, following the provision about cash, credit, and instruments, without prior approval of the court, the court is exercising its discretion. This is the second part, the abuse of discretion. If the court is going to exercise its discretion and oversee the enterprise like it's allowed to here, there is no occasion for him to misappropriate funds, commit fraud, or any other sort of malfeasance. So this is the part where we say, the second way to establish the abuse of discretion, it's right here. If you're going to say, I'm not going to do it, it's impractical, I'm not in the business of overseeing somebody's business plan, when the condition says, I can do this as a defendant with prior approval of the court, that necessitates the district court to actually exercise its discretion to oversee what the business plan might have been, particulars of how funds are handled, anything of the sort, that the judge was giving the deaf ear to any sort of opportunity for my client like that. So we have the sequence correct. This request is happening five months prior to supervised release occurring. I think he was still in the halfway house at this time, yes. So it's, my client was trying to be proactive, he was trying to make sure that he was not going to run afoul of whatever the rules were and wind up being revoked. So also, there's a missed opportunity here that is looming for my client. So I used the word opportunity on purpose earlier and now twice, and it's because if this is a valid idea and if he has investors, if this all fizzles, if somebody else beats him to market, he has missed the opportunity to participate in something that could be lucrative, help him pay back the $500,000 in restitution that he owes, and furthermore, we are not supposed to have supervised release conditions per 18 U.S.C. 3583 D.2 that unnecessarily restrict a person's liberty interest. My client has a liberty interest in being in the waste management profession. That is not contested by the government. This condition limits him way beyond what it should do, and at the very least, it's being misinterpreted, misapplied, or not applied at all by the district court in refusing him to be able to- Isn't there a difference though here, counsel? Let's say the business, the waste management business was owned by someone else and your client was coming in just to serve a function in a larger organization, perhaps handling or managing money in some way, there would already be some oversight here, correct? But that's not the case here, and I think that's the district judge's concern, is that he would essentially be allowing your client to form a startup, meaning he's the guy starting it up, right? He's the guy managing the money, and that that was so similar to what had happened before with the fraud that he was concerned about recidivism. Fair enough, but then we have the check, so with prior approval by the court, so the court- But why is that? Doesn't the district judge have the discretion to decide that he doesn't want to, you know, prior approval of the court gives the district judge the discretion to decide whether they want to engage in this endeavor, correct? It does. And he declined because for resource issues, he didn't feel like it was his obligation or duty to do that, and that was his choice, given that the conduct for which your client was convicted, right? I mean, the judge is concerned about recidivism and having to keep tabs on your client, which is generally not the job of a district judge during supervised release. Well, I think it always is the job of the district court as part of supervision. But to be a co-manager of a startup? No. Correct? No, he's not being asked to be a co-manager of anything. He's just being asked to exercise his discretion. If he says, I'm never going to allow this, I'm never going to do this, then he probably shouldn't have put the condition in the way that it was. The condition allowed for this. Right, but the condition is written as obtaining employment, and I go back to my hypothetical. There were no checks and balances here, at least based on what I've seen on your client's conduct, right? Because he's not entering into an existing corporation where there might be some oversight. He's starting one and asking people, fund this, right? I worry, Judge Maldonado, that that's opening a bigger can of worms then, because if we were to accept that as a premise, we say that he's not an employee, then he wouldn't have to go to the district court for permission, because if he's the business owner, he's not by the other person's business. Well, presumably, I don't know. Like you said, there's no business plan, right? We don't know if he would issue a W-2 to himself, but my point is the judge had discretion to decide whether to permit this, and I don't see what was wrong with this in light of the underlying conviction. Sure. I think, though, that's a problem. I accept what you say, but if that is saying because you engaged in fraud, you'll always engage in fraud, then that is a particular… Five years, supervised release. Sure. I think the judge said, you can do this after supervised release. So he can't engage in a business that would be normally part of his liberty interests while he's on supervision, because he previously had a fraud. The check and balance here is for the district court to exercise its discretion per the condition. So if we were to have a circumstance where you were sitting district court judge, and this was the condition in effect, I think that the next step should be for the district court in appropriate exercise of discretion to say, would you please tender the business particulars to me so that I can exercise my discretion. Not to say never and I won't. Under any circumstances, allow this. Because if there are sufficient checks and balances where I'm never handling money and I'm the fraudster, I'm the guy who did this before, then you shouldn't be concerned about it. You should be allayed by the procedures that are in place that I'll never be handling the  My sole responsibility is to set up the plan. What held an evidentiary hearing. What do you think should have happened here? They already had a hearing. So yes, I think that would be a simple request by the judge. And even if everything that you're saying is in place, turning out the way that it does. Again, if my sole responsibility is to solicit money and then I'm turning that money over to somebody else, I'm never touching it again. I'm just I'm the person who goes out and tries to get investors. I'm not handling money or doing anything to run afoul of the condition. It should not weigh on the district court's mind that there's an opportunity to commit an additional fraud if the sole thing that he's doing is running the company on that limited, excuse me, starting the company's seed money in that limited interaction. We don't even know what the rest of it would entail because of the process got shut down. That's my concern. We don't know enough to say the district court did exercise discretion. Thank you, Mr. Hillis. We will give you rebuttal time. Mr. Keenstrow will move to you. May I please the court? Good morning, Your Honors. Jeff Keenstrow on behalf of the United States. The district court acted well within its discretion here in declining to allow the defendant to engage in the same course of conduct that led to his convictions in this case. As the district court recognized, the defendant's proposal here would have inevitably led to the same issues that led to his convictions here. The district court recalled the sophisticated way in which the defendant was able to sweet both a sophisticated business partner and an elderly woman into giving him control over large amounts of money, which he then diverted away from his business and used for his own personal circumstances, used for himself. I suppose there's two questions. First, is there value added to him being the connector, Herman being the connector, between funds and investors where he wasn't involved in management? But secondly, it's part of the discussion that's been had. Is it enough for the district court to make that call without further exploration? Your thoughts? Sure. As to the defendant obtaining the funds, the proposal was always that the defendant was going to be managing this company. The defendant's reply brief is the first time, a passing reference in the defendant's reply brief, is the first time in this whole matter there's been any suggestion of anyone other than the defendant having any role in this company. In fact, page 11 of the defendant's opening brief says, the defendant's responsibilities in this company will involve his obtaining investment to launch his company and pay his employees. That's exactly how the parties understood it in the district court. And that's why this conduct was already prohibited by the existing condition. The condition applied to any employment in which the defendant would be involved in the management or handling of cash, credit, or financial instruments. It was always the defendant who was going to be handling the cash, credit, and financial instruments involved in this business. And the condition applies to employment itself, not just discrete activities. So long as the employment will involve the defendant's management or handling of the cash, credit, or financial instruments, the employment itself is prohibited by the condition. I think the second half of your question is, should the district court have sought a business plan? The defendant chose what to present to the district court in support of his request. He was appointed counsel who represented at a hearing. He wanted the court to consider a business plan. He was perfectly free to present that to the court. The district court didn't have to actually ask the defendant to submit it. To the contrary, I think the district court had seen more than enough, having presided over a six-day bench trial over the sentencing hearing, to know that this defendant simply couldn't be trusted to go out and obtain other people's money and then be charged with safekeeping that money. Essentially, the defendant has suggested that there might be some sort of two-step process where first the district court would allow him to engage in some exploratory efforts and then come back for approval later. And really, the court just didn't need to string him along like that. The court knew everything that he needed to know, that this was simply not going to be a feasible proposal for this defendant. In reaching that conclusion, the district court wasn't refusing to exercise this discretion. It was an exercise of the court's discretion to say, I have considered the specifics of your proposal. I've considered your history and characteristics, the need to deter criminal activity by you, the need to protect the public. I've considered all those things. And this proposal, what the court said is that for this type of conduct, you're going to have to wait until your off-supervised release. I can't grant this sort of approval. The defendant's reply brief and here this morning seems to suggest that the district court is going to have a very active oversight role with Judge Mim having a role akin to maybe a corporate controller of this company. And the district court really very reasonably rejected that. It is simply impractical. And that's because the way in which the defendant himself went about committing this offense and the persistence with which he lied to and stole from his victims, even after they caught on to him. With Agio, for example, when the defendant realized he could no longer conceal his thefts from them, he went to them and confessed that he had stolen from them, begged for their forgiveness, and prayed upon their goodwill, which they provided to him. And they gave him an opportunity to make it right. But even then, he continued to steal even more money from them. It was a similar course with the individual victim, where even when the defendant made clear he couldn't pay her back, he kept trying to get additional money from her. Given that conduct, which the district court was very familiar with, it acted well within its discretion in declining the defendant's proposal here and finding that it's simply not acceptable. Again, the court's ruling was fully consistent with the existing condition of supervised release that applied to any employment that would entail those tasks. The defendant never proposed any version of this minivan company that could be done with someone else having exclusive control over all of its financial aspects. But the last point I'd make is that it really doesn't matter. Even if the district court's prospective ruling weren't already dictated by the defendant's preexisting conditions of supervised release, it would still be perfectly valid. And the reason for that is that district courts have the discretion at any time to modify or to clarify conditions of supervised release under Rule 32.1 and 3583E2. Here, the district court complied with all the procedures that would be necessary to do so. It received a specific proposal. It appointed counsel for the defendant, held a hearing at which the parties presented arguments for and against whether the defendant should be allowed to engage in this conduct. The district court then ruled, and it said, no, the defendant will not be allowed to engage in this conduct while he's on supervised release. Even if the conditions hadn't already required it, that ruling itself provides the standard that the defendant has to comply with. To the extent there were ambiguity, that provided the clarification. And even in the government's view, counterfactually, if the condition hadn't already prohibited that conduct, the district court's ruling in that regard set the condition itself and put it another way, maybe, to the extent there's any inconsistency between the oral pronouncement. It's, of course, the oral pronouncement that controls over a judgment. I think it's not necessary for this court to get there. But I think there's really no basis and no path to reversal based on this argument that the court misunderstood the condition that it imposed when the inquiry is prospective. This isn't a situation where the defendant engaged in the conduct and the court is asking whether that conduct violated a preexisting condition. The district court itself has the authority to prospectively set the conditions of supervised release. It did so here, and it was well within its discretion in doing so. Unless your honors have any further questions, the government would ask this court to affirm. Thank you, Mr. Keats. Mr. Hillis, we'll go back to you. Two minutes for rebuttal. Appreciate the extra time, Judge. We're not asking my client be strung along. We're asking they have a fair opportunity to present a business plan if it was necessary for the district court to have that in order to exercise its discretion. Apparently it is, because nobody can stand here today and say how this works. There's just not enough information in the record. All we know is the district court denied the request to change. The condition, though, was never modified. So I take issue with the government where it says that it was disambiguated in any fashion. The condition was something that was challenged, and the challenge was rejected. There's nothing that is modified in the condition to clarify anything here. Five years, by the way, is not a short period of time when my client's already age 60, and he's got a limited period of time to work with the skills that he has to pay back the $500,000 in restitution. This is the area that he has the most skill in. This is where he has the most opportunity. He's not asking for a corporate controller. He's not asking for the district court to assume that role. He's just asking for the probation office to exercise its authority over him to get the records, etc., that does some of that check work that's necessary, present anything to the district court, or else to have the district court, as it is allowed to, call him in or ask for additional documents to say whether or not you're satisfying anything here that needs to be satisfied, doing anything that's being done wrong, address concerns the district court has. At bottom, the district court, though, did misunderstand that he wasn't allowed to handle cash under any circumstances, seek investment money under any circumstances. That is just wrong. He's prohibited from having cash. He's not prohibited from seeking investments. So that is very obvious abuse of discretion given what the condition says. We think the rest of it, just what has been explained here today with all the uncertainty, shows why the hearing should have been more thorough, and the district court should have not reached a conclusion without first having the necessary facts necessary for it to exercise the discretion that's required. Do you happen to know, Mr. Hillis, whether or not the counsel that he had at the hearing with regard to supervised release condition was the same attorney he had at the bench trial? It was not. My recollection was, since my office was appointed to handle him for the modification request, I think that he had private counsel at the time of the bench trial. But there were four attorneys in my office, I think, who at various points handled the case, including myself until now. I think, though, the bench trial, he had private counsel. Thank you. That's just my recollection. The case is taken under advisement. Thank you, Mr. Hillis. Thank you, Mr. Keenstra.